UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 03-20859-CR-LENARD
MAGISTRATE JUDGE SIMONTON

21 U.S.C. § 963
21 U.S.C. § 952(a)
18 U.S.C. § 2
21 U.S.C. § 846
21 U.S.C. § 841(a)(1)
21 U.S.C. § 853

UNITED STATES OF AMERICA

vs.

ARTHUR ADAMS,
BILAL ANSARI,
and
KANIYN PARKER,

Defendants.
_____/



### INDICTMENT

The Grand Jury charges that:

### COUNT 1

From on or about May 9, 2003, and continuing through on or about May 21, 2003, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**ARTHUR ADAMS,
BILAL ANSARI,
and
KANIYN PARKER,**

did knowingly and intentionally combine, conspire, confederate, and agree with each other and with others both known and unknown to the Grand Jury, to import into the United States, from a place outside thereof, a Schedule II controlled substance, that is, five kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 952(a); all in violation of Title 21, United States Code, Sections 963 and 960(b)(1)(B).

## COUNT 2

On or about May 21, 2003, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**ARTHUR ADAMS,
BILAL ANSARI,
and
KANIYN PARKER,**

did knowingly and intentionally aid and abet in the importation into the United States, from a place outside thereof, of a Schedule II controlled substance, that is, five kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 952(a) and 960(b)(1)(B), and Title 18, United States Code, Section 2.

## COUNT 3

From on or about May 9, 2003, and continuing through on or about May 21, 2003, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**ARTHUR ADAMS,
BILAL ANSARI,
and
KANIYN PARKER,**

did knowingly and intentionally combine, conspire, confederate, and agree with each other and with others both known and unknown to the Grand Jury, to possess with intent to distribute a Schedule II controlled substance, that is, five kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A)(ii).

2

## COUNT 4

On or about May 21, 2003, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**ARTHUR ADAMS,**
**BILAL ANSARI,**
**and**
**KANIYN PARKER,**

did knowingly and intentionally aid and abet the possession with intent to distribute of a Schedule II controlled substance, that is, five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(ii), and Title 18, United States Code, Section 2.

## CRIMINAL FORFEITURE

a. The allegations of Counts 1 through 4 of this Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeitures to the United States of America of certain property in which the defendants may have an interest, pursuant to the provisions of Title 21, United States Code, Section 853.

b. Upon conviction of any of the violations alleged in Counts 1 through 4, ARTHUR ADAMS, BILAL ANSARI, and KANIYN PARKER (collectively, the "defendants") shall forfeit to the United States any property constituting or derived from any proceeds which the defendants obtained, directly or indirectly, as the result of such violations, and any property which the defendants used or intended to be used in any manner or part to commit or to facilitate the commission of such violations, including but not limited to, the property described below:

   (1)   2002 Cadillac Escalade, VIN 3GYEK63N72G335209, Connecticut Tag No. 103-RWV.

c. If the property described above as being subject to forfeiture, as a result of any act or omission of the defendants,

(A) cannot be located upon the exercise of due diligence;

(B) has been transferred or sold to, or deposited with a third party;

(C) has been placed beyond the jurisdiction of the Court;

(D) has been substantially diminished in value; or

(E) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property and, in addition, to require the defendants to return any such property to the jurisdiction of the court for seizure and forfeiture.

All pursuant to Title 21, United States Code, Section 853.

A TRUE BILL

_____
FOREPERSON

_____
MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY

_____
CHARLES E. DUROSS
ASSISTANT UNITED STATES ATTORNEY

4

03-20859

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

ARTHUR ADAMS, ET AL.

CASE NO. CR - LENARD  MAGISTRATE JUDGE
SIMONTON

**CERTIFICATE OF TRIAL ATTORNEY***

**Superseding Case Information:**

**Court Division:** (Select One)

_X_ Miami  ___ Key West
___ FTL    ___ WPB  ___ FTP

New Defendant(s)           Yes ___   No ___
Number of New Defendants      ___
Total number of counts        ___

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:     (Yes or No) __No__
   List language and/or dialect _____

4. This case will take __3-4__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)                    (Check only one)

   I    0 to 5 days      _X_         Petty    ___
   II   6 to 10 days     ___         Minor    ___
   III  11 to 20 days    ___         Misdem.  ___
   IV   21 to 60 days    ___         Felony   _X_
   V    61 days and over ___

6. Has this case been previously filed in this District Court? (Yes or No) __No__
   If yes:
   Judge: _____   Case No. _____
   (Attach copy of dispositive order)

   Has a complaint been filed in this matter? (Yes or No) __No__
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: __03-20437-CR-HUCK__
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____   District of _____

   Is this a potential death penalty case? (Yes or No) __No__

7. Does this case originate from a matter pending in the U.S. Attorney's Office prior to April 1, 2003? ___ Yes _X_ No

8. Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? ___ Yes _X_ No
   If yes, was it pending in the Central Region? ___ Yes ___ No

9. Did this case originate in the Narcotics Section, Miami? _X_ Yes ___ No

CHARLES E. DUROSS
ASSISTANT UNITED STATES ATTORNEY
COURT NUMBER A5500618

*Penalty Sheet(s) attached                                           REV.6/27/00

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PENALTY SHEET

03-20859-CR-LENARD MAGISTRATE JUDGE SIMONTON

Defendant's Name: **ARTHUR ADAMS**

Case No.:_____

Count #:   1:   **Conspiracy to import five kilograms or more of cocaine**

21 U.S.C. § 963

*Max Penalty: **life imprisonment**

Counts #:   2:   **Aiding and abetting the importation of five kilograms or more of cocaine**

21 U.S.C. § 952(a) and 18 U.S.C. § 2

*Max. Penalty: **life imprisonment**

Counts #:   3:   **Conspiracy to possess with intent to distribute five kilograms or more of cocaine**

21 U.S.C. § 846

*Max. Penalty: **life imprisonment**

Count #:   4:   **Aiding and abetting the possession with intent to distribute five kilograms or more of cocaine**

21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2

*Max. Penalty: **life imprisonment**

Count #:

_____

*Max. Penalty:

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

REV. 12/12/96

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

03-20859 CR-LENARD
MAGISTRATE JUDGE SIMONTON

Defendant's Name: **BILAL ANSARI**                    Case No.:_____

Count #:    1:    **Conspiracy to import five kilograms or more of cocaine**

21 U.S.C. § 963

*Max Penalty: **life imprisonment**

Counts #:    2:    **Aiding and abetting the importation of five kilograms or more of cocaine**

21 U.S.C. § 952(a) and 18 U.S.C. § 2

*Max. Penalty: **life imprisonment**

Counts #:    3:    **Conspiracy to possess with intent to distribute five kilograms or more of cocaine**

21 U.S.C. § 846

*Max. Penalty: **life imprisonment**

Count #:    4:    **Aiding and abetting the possession with intent to distribute five kilograms or more of cocaine**

21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2

*Max. Penalty: **life imprisonment**

Count #:

*Max. Penalty:

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

REV. 12/12/96

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PENALTY SHEET

**03-20859 CR-LENARD**

MAGISTRATE JUDGE
SIMONTON

Defendant's Name: **KANIYN PARKER**

Case No.: _____

| Count #: | 1: | Conspiracy to import five kilograms or more of cocaine |

21 U.S.C. § 963

*Max Penalty: **life imprisonment**

| Counts #: | 2: | Aiding and abetting the importation of five kilograms or more of cocaine |

21 U.S.C. § 952(a) and 18 U.S.C. § 2

*Max. Penalty: **life imprisonment**

| Counts #: | 3: | Conspiracy to possess with intent to distribute five kilograms or more of cocaine |

21 U.S.C. § 846

*Max. Penalty: **life imprisonment**

| Count #: | 4: | Aiding and abetting the possession with intent to distribute five kilograms or more of cocaine |

21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2

*Max. Penalty: **life imprisonment**

Count #:

*Max. Penalty:

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

REV. 12/12/96